UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PAUL RAMOS,

                       Plaintiff,

   -against-                                                   9:17-CV-337 (LEK/TWD)

NEW YORK STATE, *et al.*,

                       Defendants.

**DECISION AND ORDER**

**I.    INTRODUCTION**

Pro se plaintiff Paul Ramos commenced this civil rights action asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision. Dkt. No. 1 ("Complaint"). By Decision and Order filed on May 19, 2017, Dkt. No. 9 ("May Order"), this Court granted Plaintiff's in forma pauperis application and reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. On the basis of that review, the Court dismissed the Complaint for failure to state a claim upon which relief could be granted. May Order at 10. In light of his pro se status, Plaintiff was afforded an opportunity to submit an amended complaint. Id. Presently before the Court is Plaintiff's amended complaint. Dkt. No. 13 ("Amended Complaint").

**II.    BACKGROUND**

    **A.  May Order**

In the original Complaint, Plaintiff alleged that defendants New York State, Governor Andrew Cuomo, Inmate John Doe, and Mrs. Tynon, the Superintendent of Washington Correctional Facility ("Washington C.F."), were deliberately indifferent to his serious medical

needs in violation of the Eighth Amendment. See Compl. Plaintiff sought monetary damages. Id. ¶ 9. In the May Order, the Court held that Plaintiff's claims against New York State were barred by the Eleventh Amendment. May Order at 5–6, 10. The Court dismissed Plaintiff's claims against Inmate John Doe for failure to allege facts suggesting that he was an agent of the state. Id. at 6. Plaintiff's remaining claims against Cuomo and Tynon were dismissed for failure to allege facts suggesting that Cuomo and Tynon were involved in Plaintiff's medical treatment. Id. at 7–8.

### B. Summary of Amended Complaint

In the Amended Complaint, Plaintiff adds as defendants Correction Officer John Roe and Nurse Jane Doe.[1] Am. Compl. at 1. The Amended Complaint does not include any claims against Inmate John Doe, Cuomo, or Tynon.[2] On February 1, 2017, Plaintiff was in the gymnasium at Washington C.F. Id. Roe was charged with "maintain[ing the gym] in a safe and secure manner." Id. Plaintiff's left middle finger was injured "by another dumbbell that was left haphazardly in the weight area." Id. Plaintiff reported his injury to Roe. Id. Plaintiff was sent to the Health Services Department and examined by Jane Doe. Id. Jane Doe wrapped Plaintiff's left middle finger but did not order x-rays of Plaintiff's hand or refer him to a physician. Id. at 1–2.

On February 10, 2017, Plaintiff's hand was x-rayed. Id. at 2. On February 24, 2017, Plaintiff was treated by Dr. Neil Trachtman, a physician at Washington C.F. Id. Trachtman reviewed the x-rays and advised Plaintiff that he sustained a fracture to his left middle finger. Id.

---

[1] The Clerk of the Court is instructed to revise the docket to reflect that John Roe and Jane Doe are defendants in this action.

[2] The Clerk of the Court is instructed to revise the docket to reflect that John Doe, Governor Andrew Cuomo, and Mrs. Tynon are no longer defendants in this action.

Trachtman referred Plaintiff for treatment with a hand specialist. Id. On March 10, 2017, Plaintiff was sent to Sullivan Correctional Facility for treatment with a specialist. Id. at 2. The specialist "re-broke and reset" Plaintiff's finger. Id.

Construed liberally, the Amended Complaint contains the following causes of action: (1) An Eighth Amendment claim related to failure to protect and conditions of confinement against John Roe; and (2) an Eighth Amendment claim related to deliberate indifference to serious medical needs against Jane Doe. See id. Plaintiff seeks monetary damages. Id. at 2.

## III. LEGAL STANDARD

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to § 1915A(b) was discussed at length in the May Order and will not be restated in this Decision and Order. May Order at 2–4. The Court will construe the allegations in Plaintiff's Amended Complaint with the utmost leniency. See, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is held "to less stringent standards than formal pleadings drafted by lawyers").

## IV. DISCUSSION

### A. Claims Against New York State

In the Amended Complaint, Plaintiff states that Jane Doe's actions, "in her capacity as a State Official, have removed the Immunity from the State by her actions." Am. Compl. at 2. In the May Order, the Court dismissed Plaintiff's § 1983 claim for monetary damages against New York State, without leave to amend. May Order at 10. Accordingly, the claims against New York State in the Amended Complaint are not properly brought before this Court.

**B. Eighth Amendment Claims**

   *1. Conditions of Confinement and Failure to Protect*

The Eighth Amendment protects prisoners from "cruel and unusual punishment" at the hands of prison officials. Wilson v. Seiter, 501 U.S. 294, 296–97 (1991); Estelle v. Gamble, 429 U.S. 97, 104 (1976). The Second Circuit, in addressing the needs protected by the Eighth Amendment, has stated that "prisoners are entitled . . . to adequate food, clothing, shelter, sanitation, medical care and personal safety." Lareau v. Manson, 651 F.2d 96, 106 (2d Cir. 1981). "To demonstrate that the conditions of his confinement constitute cruel and unusual punishment, the plaintiff must satisfy both an objective test and a subjective test." Jolly v. Coughlin, 76 F.3d 468, 480 (2d Cir. 1996) (citation omitted). "To meet the objective element, the inmate must show that the conditions . . . pose an unreasonable risk of serious damage to his health." Walker v. Schult, 717 F.3d 119, 125 (2d Cir. 2013). "To meet the subjective element, the [prisoner] must show that . . . [t]he prison official . . . [knew] of, and disregard[ed], an excessive risk to inmate health or safety." Id. See also Porter v. Young, No. 11-CV-848, 2013 WL 4080602, at *6 (N.D.N.Y. Aug. 13, 2013) (citation omitted) ("A plaintiff fails to state a valid Eighth Amendment claim when he does not allege that defendant was personally aware of a dangerous condition or that defendant was deliberately indifferent to the alleged conditions.").

Here, Plaintiff states that he sustained an injury due to the "haphazard" placement of a dumbbell in the Washington C.F. gym. Am. Compl. at 1. Even if Roe was responsible for supervising the gym, however, Plaintiff's allegations fail to establish that Roe was aware of the risk. See Spencer v. Sylvester, No. 96-CV-5491, 1999 WL 61644, at *3 (E.D.N.Y. Feb. 2, 1999) (dismissing an Eighth Amendment claim where plaintiff failed to allege that defendant was

4

aware of spills on the stairs or that the spills existed at any time other than the day of the incident); see also Park v. City of New York, No. 10-CV-9627, 2011 WL 5865083, at *7, n.3 (S.D.N.Y. Nov. 22, 2011) (finding no Eighth Amendment violation where plaintiff failed to plead that defendant was aware of condition of basketball court prior to plaintiff's injury). As presently pleaded, the Amended Complaint fails to sufficiently allege Roe's knowledge or deliberate indifference. Thus, Plaintiff's Eighth Amendment claim against John Roe is dismissed for failure to state a claim.

### 2. Deliberate Indifference to Serious Medical Needs

Plaintiff claims that Nurse Jane Doe attempted to make a medical diagnosis that she was not qualified to render, delaying Plaintiff's receipt of specialized medical treatment. Am. Compl. at 2. To state an Eighth Amendment claim for medical indifference, a plaintiff must allege that the defendant was deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Objectively, the deprivation must be "sufficiently serious," creating a risk of "death, degeneration, or extreme pain." Id. Moreover, the medical mistreatment must "involve[] culpable recklessness, i.e., an act or a failure to act . . . that evinces 'a conscious disregard of a substantial risk of serious harm.'" Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998) (quoting Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996)). Finally, the Second Circuit has considered a delay in the provision of medical treatment to amount to deliberate indifference where, "for example, officials deliberately delayed care as a form of punishment, . . . ignored a life-threatening and fast-degenerating condition for three days," or where the delay is so lengthy as to be "egregious." Demata v. New York State Corr. Dep't of Health Servs., 198 F.3d 233 (2d Cir. 1999) (citation omitted).

Plaintiff fails to allege facts showing that Defendants possessed the requisite culpability to sustain an Eighth Amendment claim. First, even if Jane Doe failed to properly diagnose Plaintiff's broken finger, "a complaint that a physician has been negligent in diagnosing . . . a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Hill v. Curcione, 657 F.3d 116, 123 (2d Cir. 2011) (quoting Estelle, 429 U.S. at 104). Plaintiff does not allege any facts that establish Jane Doe's "conscious disregard of a substantial risk of serious harm," which is required to state a claim under the Eighth Amendment.

Second, Plaintiff's alleged delay in receiving treatment does not establish deliberate indifference. Plaintiff's injury—a broken finger—was not "life-threatening and fast-degenerating." Moreover, Plaintiff does not allege that Defendants orchestrated these delays to punish him. Finally, the length of the delay—five weeks and two days—is far from "egregious," and insufficient to constitute deliberate indifference. Am. Compl. at 1–2. See Hathaway v. Coughlin, 841 F.2d 48, 50–51 (2d Cir. 1988) (over two-year delay in between hip injury and treatment constitutes deliberate indifference); Beaman v. Unger, 838 F. Supp. 2d 108, 110 (W.D.N.Y. 2011) (ten-week delay in between injury and treatment of a broken wrist and finger insufficient to state an Eighth Amendment claim); Aho v. Hughes, No. 03-CV-1552, 2005 WL 2452573, at *7 (D. Conn. Sept. 30, 2005) (two-month delay in between injury and treatment of broken hand insufficient to state an Eighth Amendment claim). For these reasons, Plaintiff's Eighth Amendment medical indifference claims against Nurse Jane Doe are dismissed for failure to state a claim upon which relief may be granted.

### C. Leave to Amend to Cure Deficiencies

Ordinarily, a court should not dismiss a complaint filed by a pro se litigant without

granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." Branum v. Clark, 927 F.2d 698, 704–05 (2d Cir.1991); see also Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "[t]he problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); see also Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir.1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend."). In this instance, Plaintiff has already been provided one opportunity to amend his Complaint. The Amended Complaint does not cure the substantive deficiencies of his original Complaint, identified by the Court in the May Order. Accordingly, the Court does not grant leave to amend again because it finds that any further amendment would be futile.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's claims are **DISMISSED** pursuant to §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED**, that the Clerk of the Court enter judgment for the Defendants and close this case; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:	September 28, 2017
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge